UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ALEX PEREZ

26-CV-1233 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Otisville Correctional Facility, brings this *pro se* action asserting various claims arising from being stabbed in Wallkill Correctional Facility and litigation challenging his conviction; these events occurred in Ulster County and Albany County. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## BACKGROUND

The Court construes Plaintiff's letter as a complaint. In his complaint, Plaintiff alleges that his defense counsel, Dreyer Boyajian LLP ("the Firm"), "had [him] stabbed at Wallkill" Correctional Facility, which is in Wallkill, Ulster County, New York, days after Plaintiff called about the status of his second appeal.[1] (ECF No. 1 at 1.) On or around August 7, 2025, Plaintiff was carrying a document on his way to the Wallkill Correctional Facility's law library when he was stabbed; on August 7, 2025, that document went missing. (*Id.*) During a fire drill, "they" (presumably other documents) were planted in Plaintiff's locker. (*Id.*) On October 6, 2025, "a lady" (whose name the Court cannot discern from Plaintiff's handwriting) came to cover up the events of August 7, 2025. (*Id.*) Plaintiff alleges that documents were planted in Otisville Correctional Facility. (*Id.*) The Firm, with others' help, "sabotaged eviction, real estate

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

appraisals, attacked [Plaintiff's] daughter" and "went into a home with people line in [] and removed gas lines and water lines." (*Id.*)

Plaintiff asserts several claims regarding his representation and his trial; he also asserts that his conviction was fraudulently obtained. Plaintiff alleges that "people were planted in the jury pool" for his July trial (*id.* at 1–2), which was held in Supreme Court of the State of New York, County of Albany (*id.* at 4–10).

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any defendants, much less name any defendants; therefore, the Court cannot determine under Section 1391(b)(1) whether venue is proper in this district. Plaintiff does assert that the alleged events giving rise to his claims occurred (1) at the Wallkill Correctional Facility, which is in Ulster County, and (2) during his jury trial in the Supreme Court of the State of New York, County of Albany, both of which fall within the Northern District of New York. *See* 28 U.S.C. § 112. Thus, even if the Court were to assume that any named defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Wallkill Correctional

2

Facility and during his trial, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at Wallkill Correctional Facility, located in Ulster County, and in Albany County where Plaintiff's criminal proceedings were held; it is thus reasonable to expect that all relevant documents and witnesses also would be at Wallkill Correctional Facility, and the trial court. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience

under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case

basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Northern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[2] No summons

shall issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 22, 2026
              New York, New York

              /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
              Chief United States District Judge

---

[2] Plaintiff did not submit an application to proceed *in forma pauperis* with a prisoner authorization form or pay fees.

4